UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CASSADAY,

        Plaintiff,                                 Hon. Paul L. Maloney

v.                                         Case No. 1:21-cv-760

RONALD WEISER, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action August 30, 2021, against Ronald Weiser, the Chairperson of the Michigan Republican Party, Ronna McDaniel, Chairperson of the Republican National Committee, and various Republican members of Congress. (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has

1

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.
> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not
> suffice. . .Rule 8 marks a notable and generous departure from
> the hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions.    Second, only a
> complaint that states a plausible claim for relief survives a
> motion to dismiss. . .Determining whether a complaint states
> a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. But where the well pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged - but it has not "show[n]" - "that the
> pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that Defendants are members of a conspiracy the purpose of which is to use COVID-19 as a means by which to commit "a genocide on minorities." Plaintiff further alleges that "Natives are still enslaved here in America."   Plaintiff has

failed to allege facts which, if accepted as true, would entitle him to relief.   Accordingly, his complaint must be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint, (ECF No. 1), be dismissed for failure to state a claim on which relief may be granted.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: <u>September 27, 2021</u>                  /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

3